IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00653-WYD-BNB

CONSUELO GONZALES,

    Plaintiff,

v.

STATE OF COLORADO, DEPARTMENT OF HUMAN SERVICES, COLORADO STATE VETERANS CENTER,

    Defendant.

## AMENDED ORDER ON SUMMARY JUDGMENT

I.     INTRODUCTION

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment filed October 19, 2007. Defendant seeks summary judgment on Plaintiff's claim for overtime under the Fair Labor Standards Act ["FLSA"], asserting that it is barred under the statute of limitations. For the reasons stated below, the Motion for Summary Judgment is granted in part and denied in part.

II.     ANALYSIS

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing that no

genuine issue of material fact exists is borne by the moving party. *E.E.O.C. v. Horizon/ MS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).

In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 590 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

As stated previously, Defendant seeks summary judgment on the basis that Plaintiff's claim is barred by the applicable statute of limitations. The statute governing the FLSA limitations period provides:

> [An FLSA] action may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, *except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued*.

29 U.S.C. § 255(a) (emphasis added).

In the case at hand, it is undisputed that Plaintiff was terminated from employment with Defendant on February 16, 2005. I agree with Defendant that any cause of action Plaintiff has must have accrued before her termination. It is further undisputed that Plaintiff did not file her complaint until March 15, 2007, over two years after her termination.[1] Consequently, I find that Plaintiff's claims are outside the two

---

[1] The Original Order on Summary Judgment filed April 9, 2008, indicated per Defendant's unopposed contention in the summary judgment motion that the Complaint was filed March 19, 2007. However, this date is now amended to March 15, 2007, based on Plaintiff's Unopposed Motion to Reconsider Order on Summary Judgment which pointed out that the filing date of the Complaint was incorrect.

year statute of limitations. Accordingly, the only possibility for Plaintiff's case to remain viable is if a "willful violation" occurred such that the three year statute of limitations applies.

The Supreme Court holds that for conduct to be deemed willful under the statute, it must be shown that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-35 (1988). Willful violations do not encompass conduct that is merely negligent. *Id.* at 133. Neither an employer's general knowledge about the statute's potential applicability, nor an employer's lack of a reasonable basis for believing that it was complying with the FLSA, is by itself sufficient to demonstrate an employer's willfulness. *Id.*

The Supreme Court also stated, "[i]f an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful under either petitioner's test or under the standard we set forth." *Id.* at 135 n. 13. "If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then, although its action would be considered willful under petitioner's test," it should not be so considered." *Id.* "'Whether an FLSA violation is willful is a mixed question of law and fact'" but the factual issues predominate. *Pabst v. Oklahoma Gas & Elec. Co.*, 228 F.3d 1128, 1137 (10th Cir. 2000) (quotation omitted).

Also, in order for a plaintiff to recover for uncompensated overtime work under the FLSA, the plaintiff must still show that: (1) he/she worked overtime without compensation, and (2) that the employer had knowledge, or should have had knowledge of his/her overtime work. *See Gaylord v. Miami-Dade County,* 78 F. Supp.

2d 1320, 1325 (S.D. Fla.1999) (citing *Anderson v. Mt. Clemons Pottery Co.*, 328 U.S. 680, 687 (1946); *Reich v. Dep't of Conservation and Natural Resources, State of Ala.*, 28 F.3d 1076, 1082 (11th Cir. 1994)).

Having considered the motion, the response and the reply, I first find that there are genuine issues of material fact as to whether Plaintiff worked overtime without compensation and whether Defendant (through supervisors of Plaintiff) knew or should have known of this. Plaintiff has presented evidence through her affidavit and otherwise that she worked the equivalent of at least one and one half full time jobs (requiring more than a 40 hour workweek). She testified in her affidavit that to get her work done she took work home at night after hours or worked early in the mornings before swiping in for work and on weekends when she was not scheduled. While these facts are disputed by Defendant, I must obviously construe the evidence in the light most favorable to the Plaintiff.

I find the *Pabst* case instructive on the issue of knowledge. In *Pabst*, the Tenth Circuit held that an employer's denial of actual knowledge of overtime work was "dubious" when the plaintiffs cited record testimony detailing a reprimand Pabst received for attempting to report the entire time spent monitoring systems as overtime. *Id*. at 1133. It stated:

> Although OG&E attempts to discount this testimony because the incident occurred after the cessation of the particular on-call monitoring system at issue here, the testimony nevertheless lends support to plaintiffs' assumption that it would have been futile-or even harmful-for plaintiffs if they had attempted to report all of their on-call time as overtime. More significantly, OG&E's policy informed plaintiffs they would be compensated only for on-call time spent responding to an alarm. The only logical inference was that they would not be compensated for time spent monitoring their computers and pagers, unless they took some specific

> action responding to an alarm. To claim, then, that OG&E did not know
> plaintiffs were working because they did not report every hour of their
> evenings and weekends as overtime is misleading. While OG&E arguably
> may have lacked knowledge of the legal proposition that the FLSA
> required compensating plaintiffs for their on-call time under the system at
> issue, OG&E certainly knew that plaintiffs were performing the duties they
> had been assigned.

*Id.*

While *Pabst* dealt with a situation where employees were on call after hours, which is not the situation here, I still find it supports my holding that there are genuine issues of material fact on the knowledge issue. In that case, the employees were required to perform duties outside a normal 40 hour week. Here, there is evidence that Plaintiff was required to perform duties for more than a full time job, and that Defendant knew this. Further, as indicated earlier, there was knowledge that Plaintiff did take work home and/or work outside normal business hours on at least one or two occasions. While Plaintiff did not attempt to claim this as overtime, it is arguable that this would have been futile or even harmful as Plaintiff was actually disciplined for working at home. Thus, as in *Pabst*, I find for Defendant to claim that it did not know Plaintiff was working because she did not report her overtime may be misleading. I further note that in both cases, there is evidence that the plaintiffs were told not to report their additional work as overtime.

I also find that there are genuine issues of material fact as to whether Defendant knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute such that its conduct could be deemed willful. Specifically, there is evidence that despite requiring Plaintiff to perform work for more than one full time job, Defendant (though Plaintiff's supervisor Ms. Espinoza) informed Plaintiff that overtime

was not acceptable.  Indeed, Plaintiff states in her affidavit that Ms. Espinoza rigorously scrutinized Plaintiff's time on a daily basis to ensure that she was not accumulating any or significant overtime.  For example, on one day Ms. Espinoza informed Plaintiff that she could only work 6.75 hours because she had already accumulated 33.25 hours for that period.  *See* Pl.'s Ex. A-21.  On another day, Ms. Espinoza marked down Plaintiff's hours so they would equal 40 hours.  *See* Def.'s Ex. 16, DO11.  Further, there is evidence that Plaintiff was not allowed to work overtime sufficient to do her job(s), but was simultaneously disciplined for failing to get her work done.  There is also evidence that Defendant knew that Plaintiff took work home and that she was, in fact, disciplined for same.  Pl.'s Ex. A-11, 35:24-36:3; Ex. A-2.[2]

As to the willfulness issue, I find the case relied on by Plaintiff instructive.  In *McConnell v. Thomson Newspapers Inc.*, 802 F. Supp. 1484 (E.D. Tex. 1992), the plaintiff alleged that the employer's conduct was a willful violation of the FLSA because the employer refused to allow plaintiff to work overtime, but in the same breath would assign the employee work that it knew could not be completed without overtime.  *Id.* at 1492.  The court denied the defendant's summary judgment motion based on the statute of limitations, as the employee demonstrated a material issue of fact as to

---

[2] While Defendant asserts that this evidence showed only that Plaintiff took home patient records in violation of HIPAA, I am unable to draw this conclusion from the evidence.  Instead, construing the evidence in the light to the Plaintiff, I find that by taking "activity logs" home (which is what the evidence discusses), Plaintiff could be deemed to be working outside the office on these logs.  Indeed, Ms. Montague, an administrator for Defendant, admitted that she knew Plaintiff was working at home in connection with same.  Pl.'s Ex. A-11, 35:24-36:3, Ex. A-2.  Further, Ms. Espinoza testified in her deposition that she came in on a couple of occasions and found Plaintiff working outside of normal business hours.  Def.'s Ex. 22, 31:21-32:17.  While she testified that she told Plaintiff to "swipe in" and do the time adjustment for the time she had coming for those instances, these instances arguably should have alerted her that Plaintiff was working some overtime that she was not accounting for in her timesheets.  This is particularly true as Ms. Espinoza also knew that Plaintiff had been previously disciplined for taking activity logs home outside business hours.  *Id.* at 33:12-15.

whether the employer's conduct was willful.  *Id.*  I agree with Plaintiff that *McConnell* closely parallels this case except that in this case, Plaintiff has also presented evidence that she was actually disciplined for bringing work home.  I find that this case supports my finding that there are genuine issues of material fact as to whether Defendant's conduct was willful, *i.e.*, that Defendant acted with reckless disregard for the matter of whether its conduct was prohibited by the statute.

Finally, I address Defendant's argument that events occurring years prior to March 15, 2004 have no legal relevance to the issues of whether Plaintiff allegedly worked overtime without compensation.  Defendant argues that the period from March 19, 2004 to February 16, 2005, is the only relevant time period.  Plaintiff did not respond to this argument.  I find that Defendant's summary judgment motion should be granted as to this argument.  Events that occur three years prior to the filing date of the Complaint—March 15, 2004—are barred by the three year statute of limitations, and Plaintiff has not demonstrated or argued that any type of tolling is applicable.[3]

III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.  Specifically, the motion is granted to the extent that it

---

[3] Defendant argued in its original summary judgment motion that events prior to March 19, 2004, should be barred.  Thus, the original Order on Summary Judgment filed barred claims prior to that date.  However, I have now granted Plaintiff's Unopposed Motion to Reconsider Order on Summary Judgment, which indicated that the Complaint was filed on March 15, 2007.  Accordingly, the original Order on Summary Judgment is amended to indicate that the three (3) year statute of limitations bars any legal claim for compensation before March 15, 2004.

seeks to bar events occurring prior to March 15, 2004 as they are beyond the three year statute of limitations. The motion is denied in all other respects.

Dated: May 2, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge